Gtldersleeve, J.
The clerk declined to make out final papers of naturalization for the petitioner on the ground that the oath of allegiance, purporting to have been signed by him, bears the well-written signature of the applicant; whereas it appears that the applicant is unable to write and signs his name by a mark. In explanation of this the petitioner says that on the day when he took the oath a stranger, whom he had never seen before, and whom he has never seen since, was standing at the desk when the petitioner was given the paper to subscribe, and as the petitioner was not able to sign his name this stranger did it for him. This practice is reprehensible. While it is true that a person may *344 authorize another to subscribe his name to a deed, check or another obligation, and in that way make the act his own, yet, in matters of naturalization, the signature of the applicant is used as the feature which identifies the applicant when he comes for his final papers. The rule is one of practice. It is a safeguard, to protect not only the applicant but the court from having a person other than the applicant claim the benefit of his signature. For this purpose the rule is a wise, if not a necessary one, and it should be strictly enforced; otherwise the door is open for fraud and imposition. While the petitioner may be, and no doubt is, a respectable man, nevertheless the rule, so long in existence, must, even in his case, be enforced. The application to compel the clerk to issue final papers of naturalization must, therefore, be denied. Motion denied.